THE HOFFMAN CANDY & ICE CREAM CO., APPELLANT, *v.* THE DEPARTMENT OF LIQUOR CONTROL OF THE STATE OF OHIO, APPELLEE.

305

(No. 5013—Decided February 3, 1954.)

*Mr. Isadore Topper, Mr. R. Brooke Alloway* and *Mr. E. A. Plazer,* for appellant.

*Mr. C. William O'Neill,* attorney general, *Mr. Robert Leach* and *Mr. Ralph N. Mahaffey,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, sustaining a demurrer to plaintiff's petition, and, the plaintiff electing not to plead further, dismissing the action.

Defendant demurred on two grounds, namely, first, that the petition does not state facts which show a cause of action; and second, that the court had no jurisdiction of the subject of the action. The demurrer was sustained on both grounds.

The question presented is whether the Department of Liquor Control can be sued for damages for the breach of a contract by which the plaintiff, appellant herein, was to act as the agent of the department in the sale of spirituous liquor by the bottle at retail and which contract was made and entered into by the department with the plaintiff as authorized by Section 6064-11, General Code, as it read in 1948, and pursuant to the power conferred upon the Department of Liquor Control by Section 6064-8, General Code, to engage in the sale and distribution of spirituous liquor in Ohio.

The trial court held that the action could not be maintained unless the statute so authorized; that subdivision (9) of Section 6064-8, General Code, which authorizes the department to be sued "only in connection with the execution of leases of real estate and such purchases and contracts necessary for the operation of the *state liquor stores* that are made under the provisions of this act" did not expressly authorize a suit for damages to be brought against the department due to the express provision in Section 6064-30, General Code, that, "Neither the department, nor the members of the board, nor the director shall be personally liable in any action at law for damages"; that Section 6064-30, General Code, and subdivision (9) of Section 6064-8, General Code, are *in pari materia*; and that Section 6064-30, General Code, is an express limitation on the right to sue authorized by subdivision (9) of Section 6064-8, General Code.

We are in accord with Judge Gessaman, who wrote a comprehensive opinion in which he thoroughly discussed the questions raised. We arrive at the same legal conclusions and adopt his opinion as our own.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.