SCOTT, TRUSTEE, APPELLANT, *v.* OHIO DEPARTMENT OF TAXATION, APPELLEE.

(No. 82AP-858—Decided June 2, 1983.)

*Messrs. Scott, Walker & Kuehnle* and *Mr. Daniel J. Hunter,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Mark T. D'Allessandro* and *Mr. Richard C. Farrin,* for appellee.

WHITESIDE, P.J. Plaintiff, Thomas C. Scott, Trustee in Bankruptcy for the Estate of Davis & Wood, Inc., appeals from a judgment of the Court of Claims dismissing his complaint and raises a single assignment of error, claiming that the Court of Claims erred in granting defendant's motion to dismiss the complaint.

The complaint alleges that, on March 31, 1980, an involuntary petition in bankruptcy was filed against the debtor, Davis & Wood, Inc., in the United States Bankruptcy Court, Southern District of

Ohio, Eastern Division, and that an order for relief was entered in that case on May 13, 1980. The complaint further alleges that, within ninety days prior to filing of the petition in bankruptcy, the debtor transferred to defendant, Ohio Department of Taxation, an unspecified sum for withholding taxes and penalties and $25,611.76 for sales taxes and penalties. The complaint alleges that these payments were made while the debtor was insolvent and enabled the state to receive more than it would have if the transfer had not taken place and payment had been made in the bankruptcy proceedings.

Although the bankruptcy petition was filed in March 1980, this action was not commenced until July 12, 1982. Defendant filed a motion to dismiss the complaint upon the ground that the claim for relief arose more than two years prior to the commencement of the action and was, thus, barred by R.C. 2743.16.

The trial court sustained the motion on this basis and, in addition, found that the complaint was defective for failure to state the name of the state officer involved; that the Court of Claims lacks personal and subject-matter jurisdiction because the alleged cause of action is not one that existed at common law; and that plaintiff trustee as a federal officer has no standing or capacity or authority to sue the state in federal court and, thus, cannot pursue this action in a state court.

Commenting upon the additional grounds found by the trial court, we find none of them to have merit. As to naming a state officer, R.C. 2743.02(E) expressly provides that "[t]he only defendant in original actions in the court of claims is the state. * * *" The requirement of R.C. 2743.13(A) that the complaint name the state department or officer involved does not make them a party defendant, the state being the party defendant. Nor is it clear that the State Treasurer, rather than the Department of Taxation, is the appropriate public agency.

Likewise, the statutory tax refund provisions of R.C. 5739.07 and 5747.11 do not preclude an action to set aside a preference made to a creditor by an insolvent debtor within ninety days of bankruptcy, especially since the statutory bases for refund do not include the preference situation. Similarly, we conclude that a federal officer, including a trustee in bankruptcy, may under appropriate circumstances bring an action in the Court of Claims against the state where such trustee has a right to maintain the action. Here, the action is maintained for the benefit of other creditors, not the federal government.

Whether the claim for relief existed at common law is not controlling. R.C. 2743.02(A)(1) does not purport to limit the waiver of immunity from liability to common-law claims for relief. Rather, that statute expressly provides that the state's liability shall be determined "in accordance with the same rules of law applicable to suits between private parties." Such "rules of law" are not limited to common-law rules but include statutory law as well where applicable and appropriate.

The last basis for the trial court's dismissal of the action, and the ground for defendant's motion, was that the action was not brought within the two-year period prescribed by the applicable statute of limitations, R.C. 2743.16, which provides that actions against the state in the Court of Claims "shall be commenced no later than two years after the date of accrual of the cause of action."

If the cause of action arose at the time of filing of the petition in bankruptcy, or at the time of entering the order for relief, plaintiff's action is clearly barred by the statute of limitations since it was brought more than two years after either of those dates. Plaintiff contends, however, that he became the duly-appointed, qualified and acting trustee in bankruptcy only on October 14, 1980, and that this being less than two years prior to July 12, 1982, the action was timely commenced. Plaintiff reasons that, since he, as trustee, could

not commence an action until he was appointed, qualified and acting as trustee in bankruptcy, the cause of action could not accrue until he was appointed. The key day for determining preference is the date of filing the petition in bankruptcy, the determination being whether the payment was made within ninety days of the filing of the petition in bankruptcy, and may be set aside if it was paid within that time as a preference to the creditor under this statutory definition. At the very latest, the cause would accrue when the order for relief was entered by the bankruptcy court. We, accordingly, conclude that the action was not timely commenced.

While, as a practical matter, the trustee in bankruptcy cannot bring an action until he is appointed, the trigger date for determining the creation and existence of the cause of action is the date upon which the petition for bankruptcy is filed. Payments made ninety days prior to that date are those which may be set aside under appropriate circumstances. The filing of the petition in bankruptcy determines which payments by the bankrupt debtor are subject to being set aside under the appropriate statute. The right to have the payment set aside springs into existence at the time of the filing of the petition in bankruptcy, and no subsequent act can either add or detract from that right, unless the proceedings in bankruptcy are terminated. Only the bar of a statute of limitations, such as is here involved, can prevent recovery of the preference made within the ninety-day period prior to the filing of the petition in bankruptcy. Accordingly, plaintiff's assignment of error is not well-taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

REILLY and MOYER, JJ., concur.