RICKARD ET AL., APPELLANTS, *v.* OHIO DEPARTMENT OF LIQUOR CONTROL ET AL., APPELLEES.

134

(No. 86AP-677 — Decided
September 18, 1986.)

*David W. Cox,* for appellants Robert
W. and Madonna J. Rickard.

*David L. Phipps,* for appellant
Fraternal Order of Eagles 1689.

*Paul W. Barrett,* for appellants Dennis McGlathen et al.

*Anthony J. Celebrezze, Jr.,* attorney general, *James M. Guthrie* and *Nathan Gordon,* for appellee Dept. of Liquor Control et al.

WHITESIDE, J. Plaintiffs, Robert W. and Madonna J. Rickard et al., appeal from a judgment of the Franklin County Court of Common Pleas dismissing this action for declaratory judgment against defendants, Ohio Department of Liquor Control et al., and raise two assignments of error in support of their appeal as follows:

"1. The Franklin County Court of Common Pleas erred in finding that the Court of Claims was the only proper forum to hear a declaratory judgment action requesting a state statute to be found unconstitutional.

"2. The court below erred in not finding that appellants had no notice of the effects of the local option election and therefore Ohio Revised Code Sections 4301.32 through 4301.41 and 3501.38 were unconstitutional as applied to these appellants."

This cause was originally filed in the Greene County Court of Common Pleas, which granted a judgment favorable to plaintiffs. However, upon appeal, that judgment was reversed upon jurisdictional grounds for the reason that R.C. 4301.31 requires that the action be brought in the Franklin County Court of Common Pleas, the opinion of the Second District Court of Appeals being reported as *Rickard* v. *Ohio Dept. of Liquor Control* (1985), 23 Ohio App. 3d 101. Upon remand, the Greene County Court of Common Pleas transferred the action to the Franklin County Court of Common Pleas, resulting in the judgment from which this appeal is taken.

Plaintiffs are the holders of liquor permits, which previously permitted them to sell intoxicating liquor in precinct CFA of the city of Xenia. As a result of a local-option election held on

November 8, 1983, precinct CFA and the adjoining precinct of CLB were voted "dry," the effect of which is to prohibit the sale of intoxicating liquor in precinct CFA and to require plaintiffs as permit holders to cease to sell intoxicating liquor in said precinct and to place their liquor permits in safekeeping with the defendant Department of Liquor Control until transferred to another location. See R.C. 4301.39 and 4301.391.

By this action, plaintiffs seek a declaratory judgment finding R.C. 4301.32 through 4301.41 and R.C. 3501.38 to be unconstitutional[1] as they affect plaintiffs and an ancillary injunction enjoining defendant Department of Liquor Control from taking any adverse action against plaintiffs as a result of the local-option election. However, plaintiffs do not directly challenge the petition and election procedures, making no contention that the local-option election was not conducted in accordance with statute but, instead, contend that the local-option statutes are in conflict with the Due Process Clauses of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution in that plaintiffs were not afforded notice of the local-option election or its potential effect upon them.

The first assignment of error pertains to a jurisdictional issue, the Franklin County Court of Common Pleas having held that the action could be brought only in the Court of Claims. This was erroneous for two reasons: (1) an action for declaratory judgment may be maintained in the court of common pleas against a state agency; and (2) R.C. 4301.31 specifically requires that an action such as herein involved be brought in the Franklin County Court of Common Pleas.

The trial court predicated its determination that this action could be brought only in the Court of Claims upon *Friedman* v. *Johnson* (1985), 18 Ohio St. 3d 85. However, in *Friedman,* the Supreme Court specifically held that a declaratory judgment action could be maintained in the court of common pleas against a state agency, stating in part at 87:

"*\* \* \** The state had consented to declaratory judgment suits prior to 1975. See, *e.g., Burger Brewing Co., supra* [(1973), 34 Ohio St. 2d 93]; *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287.* \* \**"

The holding of *American Life & Accident Ins. Co.* is of particular significance since the fourth paragraph of the syllabus thereof specifically holds that:

"An action against the administrator of a state bureau for a declaratory judgment pronouncing the rights, status or other legal relations of the plaintiff with reference to a statute is not an action against the state, even though other incidental relief is granted."

In *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93 [63 O.O.2d 149], the Supreme Court specifically held that an action for declaratory judgment could be maintained in the Franklin County Court of Common Pleas against the Liquor Control Commission with respect to construction of a rule or regulation. Consistent with *Friedman, supra,* this court in *A.F.S.C.M.E.* v. *Blue Cross* (1979), 64 Ohio App. 2d 262 [18 O.O.3d 227], and *Plastic Surgery Associates, Inc.* v. *Ratchford* (1982), 7 Ohio App. 3d 118, held that the Court of Claims has jurisdiction to render a declaratory judgment in a case where the state itself is a party-defendant. Thus, in *A.F.S.C.M.E., supra,* we stated at 265 with respect to the "consent" of the state to the maintaining of a declaratory action against state officers and agencies in common pleas court:

"*\* \* \** The fact that the state con-

---

[1] R.C. 2721.03 permits the bringing of a declaratory judgment action to determine the construction or validity of a statute.

sented to permit its officers and employees to be sued in the Court of Common Pleas in those cases does not mean the state consented to itself be sued in those cases.* * *"

In *Plastic Surgery Associates, Inc., supra,* this court stated at 121:

"In *American Life & Accident Ins. Co.* v. *Jones* * * *, the Supreme Court expressly held that a declaratory judgment action cannot be brought against the state itself but can be brought against a state officer or agency because such an action is not one against the state itself.* * *

"Prior to the consent of the state itself to be sued, it was generally recognized that state officers and agencies were subject to actions in injunction, mandatory injunction, mandamus and declaratory judgment so long as direct relief was not sought against the state but, instead, the remedy sought was to compel the officer or agency to perform a duty enjoined by law. Thus, declaratory judgment actions could be brought against state agencies, but the state itself could not be a party to such action * * *."

Earlier in *State, ex rel. Ferguson,* v. *Shoemaker* (1975), 45 Ohio App. 2d 83 [74 O.O.2d 109], this court discussed the effect of the Court of Claims Act, R.C. 2743.02 *et seq.,* upon the right of a party to bring an action against a state agency to compel it to perform a public duty or to enjoin it from performing an act contrary to law and concluded that such a remedy continues to exist despite the creation of the Court of Claims and the conferring of jurisdiction upon it over suits against the state, citing *American Life & Accident Ins. Co., supra; State, ex rel. Nichols,* v. *Gregory* (1935), 130 Ohio St. 165 [4 O.O. 59]; and *State, ex rel.*

*Ross,* v. *Donahey* (1916), 93 Ohio St. 414, and stating in part at 88:

"However, an action against a public officer to compel him to perform a public duty or to enjoin him from performing an act contrary to law is not an action against the state precluded by the doctrine of sovereign immunity.* * *"

R.C. 2743.02(A)(1) provides that:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability.* * *"

However, R.C. 2743.02(E) expressly provides that: "The only defendant in original actions in the court of claims is the state.* * *" Thus, an action against a public officer or agency to compel it to perform a public duty or to enjoin it from performing an act contrary to law not only is not an action against the state but cannot be maintained in the Court of Claims since only actions against the state itself may be maintained in the Court of Claims. Accordingly, an action directly against the Department of Liquor Control,[2] such as herein attempted, cannot be maintained in the Court of Claims, but, instead, an action may be brought in the Court of Claims only if the state itself is the sole defendant, even though R.C. 2743.13 does require that the complaint in the Court of Claims indicate the state department, board, office, commission, agency, institution or other instrumentality whose actions are alleged as a basis of the complaint. It is the state, rather than such officers or agencies,

---

[2] The Attorney General was joined as a party-defendant as required by R.C. 2721.12 where a statute is alleged to be unconstitutional. See *Sebastiani* v. *Youngstown* (1979), 60 Ohio St. 2d 166 [14 O.O.3d 405], and *Malloy* v. *Westlake* (1977), 52 Ohio St. 2d 103 [6 O.O.3d 329].

that is the sole party-defendant in the Court of Claims. See *Scott* v. *Ohio Dept. of Taxation* (1983), 11 Ohio App. 3d 20.

Accordingly, the court of common pleas has jurisdiction over a declaratory judgment action against a state agency (rather than the state itself), seeking to determine the constitutionality of a statute. Nor does the fact that ancillary injunctive relief is sought deprive the court of common pleas of jurisdiction. R.C. 2721.09 expressly provides that: "Whenever necessary or proper, further relief based on a declaratory judgment or decree previously granted may be given.* * *" Here, plaintiffs seek a declaratory judgment that the local-option statutes are unconstitutional as applied to them and seek an ancillary injunction against the Department of Liquor Control enjoining it from taking action pursuant to the allegedly unconstitutional statutes. The injunctive relief is ancillary in that it can be given in this case only if a declaratory judgment first be given finding the statutes upon which the Department of Liquor Control predicates its action to be unconstitutional. Injunctive relief is not sought against the state itself but, rather, against a state agency to enjoin it from taking action pursuant to an unconstitutional statute. Accordingly, even in the absence of R.C. 4301.31, the common pleas court had jurisdiction over this action.

R.C. 4301.31 expressly confers jurisdiction upon the Court of Common Pleas of Franklin County with respect to actions of the type herein involved. Such statute reads in pertinent part as follows:

"Except as provided in section 4301.28 of the Revised Code, no court, other than the court of common pleas of Franklin County, has jurisdiction of any action against the liquor control commission, the director of liquor control, or the department of liquor control, to restrain the exercise of any power or to compel the performance of any duty under Chapters 4301. and 4303. of the Revised Code.* * *"

Such section not only precludes the exercise of jurisdiction by other courts of common pleas but also precludes the Court of Claims from exercising jurisdiction of an action against the Department of Liquor Control to restrain the exercise of a power or to compel the performance of a duty under R.C. Chapters 4301 and 4303.

The ancillary injunctive relief sought in this action is to enjoin the Department of Liquor Control from exercising a power conferred under R.C. Chapter 4301 upon the basis that the statute is unconstitutional. R.C. 4301.31 confers exclusive jurisdiction of such an action upon the Court of Common Pleas of Franklin County as expressly held by the Second District Court of Appeals in *Rickard* v. *Ohio Dept. of Liquor Control, supra,* at paragraph one of the syllabus. Accordingly, the Court of Common Pleas of Franklin County is the only court in which this action can be maintained, and the trial court erred in finding it should be maintained in the Court of Claims which, pursuant to R.C. 4301.31, is precluded from exercising jurisdiction over this action.

Defendants' reliance upon *Hoffman Candy & Ice Cream Co.* v. *Dept. of Liquor Control* (1954), 96 Ohio App. 304 [54 O.O. 314], is misplaced since that case involved an action for damages against the Department of Liquor Control, and in that regard this court correctly held that former G.C. 6064-30 (now R.C. 4301.31) should be read *in pari materia* with former G.C. 6064-8 (now R.C. 4301.10[B][1]). Since we conclude that the trial court erred in dismissing this action on jurisdictional grounds, the first assignment of error is well-taken.

However, the sustaining of the first assignment of error does not dispose of this case in light of the issue raised by

the second assignment of error and the fact that we conclude that the trial court reached the correct result, although for the wrong reason. Defendants' motion to dismiss ruled upon by the trial court raised not only the jurisdictional issue but also the issue of whether plaintiffs' complaint states a proper claim for relief. Neither the trial court nor this court directly reaches the issues raised by the motion for summary judgment filed by plaintiffs.

The second assignment of error raises the issue of whether R.C. 4301.32 through 4301.41 and R.C. 3501.38 are unconstitutional as applied to plaintiffs. We conclude that such statutes are constitutional as applied to plaintiffs and, accordingly, the complaint does not state a claim for ancillary injunctive relief, although technically plaintiffs are entitled to a declaration that the statutes are constitutional. In *Scioto Trails Co.* v. *Dept. of Liquor Control* (1983), 11 Ohio App. 3d 75, this court expressly held that R.C. 4301.39 and 4301.391, providing for termination of a business under an existing liquor permit as a result of a local-option election, violate neither the Due Process nor the Equal Protection Clauses of the United States and Ohio Constitutions. In the course of the opinion, we stated at 78:

"Almost every jurisdiction considering the issue has concluded that a liquor license or permit is neither a contract nor a property right but, instead, a mere privilege, revocable pursuant to the terms of the statute authorizing the issuance of the permit. Thus, in this case, plaintiffs have been deprived of no property right by being denied the continuation of use of their liquor permit at the permit premises as a result of the local-option election, since by accepting the liquor permit, they consented to all the conditions of the liquor-control law, including the right of the electors in the precinct involved to vote the area dry in a local-option election."

We further noted at 79:

"In addition, under Ohio law, the holder of the liquor permit does not lose his permit as the result of a local-option election. The permit itself is not revoked by the local-option election. Rather, all that is terminated is the right to use that permit at the permit location. The permit, however, continues to belong to the permit holder and, to the extent that there be a property interest in the permit itself, the permit holder continues to have that property interest. He may renew the permit and may transfer the permit either to another person or to another location, assuming statutory qualifications are met.* * *"

We noted, however, at 79 the possibility that: "[A] liquor permit may be subject to protection of due process or equal protection under some limited circumstances * * *." We continued, however, with the statement that:

"* * * Here, we are dealing strictly with the termination of the right to use a liquor permit at a specific location as a result of the area being voted dry at a local-option election. There is nothing in the statutory provisions or in the manner of conduct of the election that constitutes a denial of due process or a denial of equal protection of the law. * * *" *Id.* at 79-80.

We are not unmindful, however, that the Second District Court of Appeals in its reported decision in this case in considering the assignments of error, by dicta, found R.C. 4301.32 to be unconstitutional to the extent that it failed to provide reasonable notice to existing permit holders of an impending local-option election. Such decision is neither binding nor controlling herein since it constitutes merely dicta.

The Second District Court of Appeals correctly held that the Greene County Court of Common Pleas had no jurisdiction over this action. Since the Greene County Court of Common Pleas had no jurisdiction over the merits of

this action, likewise, the Second District Court of Appeals had no jurisdiction to determine the merits of this action once it determined the jurisdictional issue. However, pursuant to App. R. 12(A), the Second District Court of Appeals was required to rule upon all of the assignments of error even though determination of the jurisdictional issue was dispositive of the case. Accordingly, the ruling of the Second District Court of Appeals upon the merit issue was solely dicta applicable only in the event that the Supreme Court would review the matter and reverse the decision of the Second District Court of Appeals upon the jurisdictional issue, which did not occur. Not only do we find the decision of the Second District Court of Appeals to be inconsistent with that of this court in *Scioto Trails Co., supra,* but we also disagree with the reasoning of that court.

Arguably, *Scioto Trails Co.* dealt only with what is sometimes called substantive due process; whereas, an issue of procedural due process is raised in this case. Such procedural issue is whether plaintiffs are entitled to actual notice of an impending local-option election. We find no constitutional basis for a requirement of such notice.

A local-option election involves a legislative action, not an administrative or quasi-judicial action. Although such an election may affect the right of plaintiffs to use their liquor permits in the precinct in which the election is being held, no rights of plaintiffs are being adjudicated. Rather, the issue on a local-option election is whether legislation shall be adopted making the sale of intoxicating liquor unlawful in the area in which the local-option election is held. The Second District Court of Appeals in *Rickard, supra,* implicitly equated a local-option election to a quasi-judicial proceeding speaking in terms of notice and hearing, stating in part at 108:

"'* * * Elections provide the permit holders with their hearing. The notice required of the hearing must be reasonably calculated to apprise the permit holder of the 'hearing' so that he may meaningfully participate in the process.* * *'"

Were a quasi-judicial process involved, notice and hearing might well be required even though no property right be involved. However, an individual who may be affected by pending legislation is not entitled to specific actual notice and hearing with respect to whether such legislation will be adopted. In Illinois, which has local-option laws similar to those of Ohio, it has expressly been held that a person licensed to sell intoxicating liquor has no constitutional right to notice of an impending local-option election. See *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E. 2d 262; *Walker v. Marcin* (1974), 24 Ill. App. 3d 791, 321 N.E. 2d 406; *Huguley v. Marcin* (1976), 39 Ill. App. 3d 230, 349 N.E. 2d 564; and *Liquor Hut, Inc. v. Marcin* (1980), 84 Ill. App. 3d 718, 406 N.E. 2d 139. A similar conclusion was reached in *Philly's v. Byrne* (C.A. 7, 1984), 732 F. 2d 87, also involving a local-option election, in which it stated at 92: "'* * * [N]otice and opportunity for a hearing are not constitutionally required safeguards of legislative action. * * *'"

R.C. 4301.33 requires that a petition for a local-option election be filed with the board of elections not later than 4 p.m. of the seventy-fifth day before the day of a general or primary election. Such petition must contain signatures of qualified electors equal to "thirty-five per cent of the total number of votes cast for governor at the next preceding regular state election in such district * * *." If the petitions are determined to contain the requisite number of signatures, a special local-option election is held in the specified district on the day of the next general or primary election. By special provision of the statute, such petitions for a local-option election are

open to public inspection. Protests against the local-option petitions may be filed up until 4 p.m. the forty-ninth day before the date that the election will be held. There is no indication that any such protest was filed in this case. Thus, although plaintiffs were not given specific notice of the pending election and may not have had actual notice thereof,[3] they did have the same type of constructive notice of the holding of the election that the general public, including the electors eligible to vote at that election, had.

The petition was filed in a public office and available for public inspection. As indicated in *Scioto Trails, Co., supra,* every liquor permit holder takes his permit subject to the holding of a local-option election. Such permit holder has it within his power to ascertain whether a petition for a local-option election has been filed potentially affecting the sale of intoxicating liquor at the permit premises by timely ascertaining whether such a petition has been filed with the board of elections. Although R.C. 4301.32 *et seq.* makes no specific provision for notice of the special election, R.C. 3501.03 does require that notice of an impending election, including a special election such as a local-option election, be given.

Although plaintiffs broadly assert that R.C. 4301.32 through 4301.41 and R.C. 3501.38 are unconstitutional as applied to them, they raise no issue with respect to most of these statutory provisions. R.C. 4301.32 sets forth the districts in which a local-option may be held. R.C. 4301.321, 4301.331, 4301.352 and 4301.362 pertain to a special circumstance for the holding of a local-option election not pertinent herein. R.C. 4301.34 pertains to the signatures on petitions and provides that the petitions

be governed by R.C. 3501.38. R.C. 4301.35 sets forth the questions that will be submitted at a local-option election. R.C. 4301.351 and 4301.361 pertain to elections involving the Sunday sale of intoxicating liquor. R.C. 4301.37 pertains to the frequency of local-option elections, as does R.C. 4301.38. R.C. 4301.40 provides that local-option elections will not affect certain permits. R.C. 4301.401 pertains to annexed territories, and R.C. 4301.41 pertains to refund of a permit fee upon cancellation of a permit. We find great difficulty in understanding any predicate for challenging the constitutionality of any section, even assuming the correctness of plaintiff's argument, other than R.C. 4301.33, 4301.36, 4301.39 and 4301.391, the latter three sections specifically pertaining to the effect of a local-option election, and which were the specific subject of our decision in *Scioto Trails Co., supra.* Likewise, we find it difficult to find any predicate for challenging the constitutionality of R.C. 3501.38 in this case since that section regulates the signing of petitions, including petitions for submitting issues to the electorate.

R.C. 4301.36 prohibits a permit holder from selling intoxicating liquor contrary to the result of a local-option election. R.C. 4301.391 expressly provides that:

"No permit premises shall remain in operation inconsistent with the results of a local option election after the thirty day period set forth in section 4301.39 of the Revised Code and no court other than in a recount or election contest shall suspend or hold in abeyance any restriction or cancellation brought about by a local option election * * *."

R.C. 4301.39(D) provides in part that:

"If, as the result of a local option

---

[3] Although not before us at this time, the evidence submitted by plaintiffs in support of their motion for summary judgment suggests

that plaintiffs may have been aware that a local-option election was being held, but not its potential effect upon them.

election, * * * the use of a permit is made wholly unlawful, the permit holder may, within thirty days after the certification of such final result by the board of elections to the department, deliver his permit to the department for safekeeping as provided in section 4303.272 of the Revised Code."

R.C. 4303.272 contains a similar provision and further provides that, in the event the permit holder does not deliver the permit to the Department of Liquor Control for safekeeping, the department shall take appropriate action, which in this case consisted of the department's notifying plaintiffs that they should cease operating under the permits contrary to the result of the local-option election and should deliver their permits to the department for safekeeping.

Defendants contend that plaintiffs' rights are barred by failing either to file a protest pursuant to R.C. 4301.33 or to file an election contest pursuant to R.C. 3515.09. There is nothing in the record indicating that plaintiffs had a right to pursue either remedy since R.C. 4301.33 limits the filing of protests to qualified electors, and R.C. 3515.09 requires that an election contest be commenced by the filing of a petition signed by at least twenty-five voters who voted for or against the issue being contested. As indicated, there is no indication that any of the plaintiffs is an elector of the district in which the local-option election was conducted. Additionally, we do not understand plaintiffs to contest the conduct or results of the local-option election but, instead, to contest the constitutionality of the statutes providing for the effect of the local-option election as it pertains to plaintiffs, specifically the absence of any requirement for prior notice to permit holders who will potentially be affected by the result of a local-option election.

The question is whether such permit holders have a constitutional due process right to prior notice that a local-option election will be held which will affect their continued right to remain in operation at the permit premises inconsistent with the results of the local-option election. We hold that a permit holder has no constitutional right to specific notice of an impending local-option election, which may affect the continued sale of intoxicating liquor at the permit premises, since a local-option election is a legislative action by the electorate of the district involved.

As we indicated above, the permit holder has constructive notice of the filing of the petition for the local-option election in a public office (the board of elections), which petition is open to public inspection. As we noted in *Scioto Trails Co.*, plaintiffs herein accepted the liquor permit and commenced operation of the permit premises, including the sale of intoxicating liquors there, with the knowledge and understanding that the statutes of Ohio, R.C. 4301.32 *et seq.*, and specifically R.C. 4301.391, provide for the termination of the sale of intoxicating liquors at that location through the exercise of the local-option by means of a local-option election. We find no constitutional due process right to actual notice of the impending local-option election, the aforesaid constructive notice, coupled with the notice by publication being sufficient notice of an impending legislative action, in this case a local-option election.

Accordingly, as we did in *Scioto Trails Co.*, we find that R.C. 4301.32 through 4301.41 and R.C. 3501.38, to the extent that they provide for termination of business under an existing liquor permit as a result of a local-option election, violate neither the Due Process nor Equal Protection Clauses of the United States and Ohio Constitutions, even though there is no provision for specific notice to the potentially affected permit holder prior to the holding of the local-option election. The second assignment of error is not well-taken.

For the foregoing reasons, although we sustain the first assignment of error, the second assignment of error is overruled, and we affirm the judgment of the Franklin County Court of Common Pleas because that court reached a correct result, dismissal of plaintiffs' action, since R.C. 4301.32 through 4301.41 and R.C. 3501.38, as applied to plaintiffs, are constitutional and do not violate the Due Process Clauses of the United States and Ohio Constitutions.

*Judgment affirmed.*

MOYER, P.J., and TYACK, J., concur.