**OHIO DEPARTMENT OF HUMAN SERVICES, Appellant,**

v.

**OHIO DEPARTMENT OF TRANSPORTATION, Appellee. (Two Cases.)**

[Cite as *Ohio Dept. of Human Serv. v. Ohio Dept.
of Transp.* (1992), 78 Ohio App.3d 658.]

Court of Appeals of Ohio,
Franklin County.

Nos. 92AP–614 and 92AP–615.

Decided Sept. 24, 1992.

*Lee I. Fisher,* Attorney General, and *Robert J. Byrne,* Assistant Attorney General, for appellant.

*Lee I. Fisher,* Attorney General, *Eric A. Walker* and *Mary Kirchner Crawford,* Assistant Attorneys General, for appellees.

BOWMAN, Judge.

In October 1991 and March 1992, the Ohio Department of Human Services ("ODHS") filed separate subrogation actions against the Ohio Department of Transportation ("ODOT") and the Ohio Department of Natural Resources ("ODNR") in the Court of Claims for recovery of medical expenses ODHS had paid to two Medicaid recipients injured in motor vehicle accidents. ODHS alleged that appellees' negligence had proximately caused the injuries to its subrogors. The Ohio Court of Claims determined that it lacked subject matter jurisdiction over ODHS's claims and dismissed the case.

ODHS now assigns that the trial court erred in dismissing the action, arguing that:

"The court of claims has original and exclusive jurisdiction pursuant to chapter 2743 of the Ohio Revised Code over a subrogation claim by the Ohio Department of Human Services against a tortfeasor state agency."

ODHS alleges that the two Medicaid recipients had causes of action for negligence against ODOT and ODNR, thus subrogating ODHS to their claims and allowing ODHS to initiate suit under R.C. 5101.58.

R.C. 5101.58 provides:

"The acceptance of aid [Medicaid] * * * gives a right of subrogation to the department of human services * * * against the liability of a third party for the cost of medical services and care arising out of injury, disease, or disability of the recipient. * * *"

In addition, the statute provides that, to enforce its subrogation right, ODHS may institute legal proceedings "against any third party who may be liable for the cost of medical services and care arising out of the recipient's injury, disease, or disability."

"Third party" is defined in R.C. 5101.571(B) as:

" * * * [A]ny private insurer, individual, entity, or public or private program, that is or may be liable to pay all or part of the medical cost of injury, disease, or disability of an applicant or recipient. * * * "

This definition of "third party" does not expressly include another state agency as a possible defendant in a suit brought pursuant to R.C. 5101.58.

ODHS argues that the creation of the Court of Claims and the abolishment of sovereign immunity provided by R.C. Chapter 2743 gives the Court of Claims jurisdiction over a suit by one state agency against another. According to ODHS, because R.C. 2743.02(A)(1) provides that the state waives immunity from liability "in accordance with the same rules of law applicable to suits between private parties" and because a private party may maintain a suit against a state agency, ODHS as the subrogor of Medicaid recipients was also entitled to sue and the trial court had jurisdiction over ODHS's subrogation action.

R.C. 2743.01(A) defines "state" as:

" * * * [T]he state of Ohio, including, without limitation, its *departments*, boards, offices, commissions, *agencies*, institutions, and other instrumentalities. * * * " (Emphasis added.)

In addition, R.C. 2743.02(E) provides:

"The only defendant in original actions in the court of claims is the state. The state may file a third-party complaint or counterclaim in any civil action, except a civil action for one thousand dollars or less, that is filed in the court of claims."

This court has determined that a suit naming a state officer as defendant is actually a suit against the state. In *Scott v. Ohio Dept. of Taxation* (1983), 11 Ohio App.3d 20, 21, 11 OBR 32, 33, 462 N.E.2d 1234, 1236, we stated as follows:

" * * * As to naming a state officer, R.C. 2743.02(E) expressly provides that '[t]he only defendant in original actions in the court of claims is the state. * * * ' The requirement of R.C. 2743.13(A) that the complaint name the state department or officer involved does not make them a party defendant, the state being the party defendant. * * * "

We find this reasoning to be apt where the party in question is not a state officer but a state department.

As departments of the state, appellees *are* the state for purposes of suit as provided by the Court of Claims Act. The state is the real and only party in interest in this matter, so that appellees cannot be considered a "third party" under R.C. Chapter 5101.

In the same manner, appellant is a department of the state and is not a separate entity. Thus, appellant is not *sui juris* and lacks the capacity to bring suit on its own behalf. Any action by appellant under R.C. 5101.58 must be commenced by and on behalf of the state of Ohio, rather than by the Department of Human Services. We conclude that all the parties to this action are members of the "state" as defined in R.C. 2743.01(A) and are not distinct for purposes of R.C. Chapter 2743. It is axiomatic that a party cannot sue itself.

The state could seek reimbursement of Medicaid monies by asserting a counterclaim in a negligence action brought by the injured party against the state. See R.C. 2743.02(E). In such a case, the court could deduct amounts paid as Medicaid from the judgment awarded if the injured party prevails as provided in R.C. 5101.58.

Finding no error in the Court of Claims' dismissal of these matters, we overrule ODHS's assignment of error and affirm the judgments of the trial court.

*Judgments affirmed.*

WHITESIDE and PEGGY BRYANT, JJ., concur.