The Honorable Bobby Glover State Senator Post Office Box 1 Carlisle, Arkansas 72024-0001
Dear Senator Glover:
I am writing in response to your request for an opinion on three questions regarding House Bill 1099 of the 86th General Assembly (2007 Regular Session). That bill was adopted and is now Act 1056 of 2007, but will not be effective until July 31, 2007. See Op. Att'y Gen. 2007-164. Specifically, you note that a pre-existing statute, A.C.A. § 24-11-406, refers to local police pension and relief funds and states that those plans which cover fewer than four (4) active members "may" be designated as inactive by the employer. You state that House Bill 1099, now Act 1056, "as it was originally drafted changed the word may to shall." You also stated that an amendment to the bill was "submitted raising the required number of officers covered from four (4) to five (5)." Both aspects of the bill were subsequently incorporated in the final version of Act 1056. You pose three questions regarding the Bill, as follows:
What are the legal steps a sponsor or party must take in proposing such a change?
What is the legality of changing Arkansas Code 24-11-406 or any part of it without holding a public forum or otherwise advising those plans which may be affected in order that they may be part of the process?
Should a change of this nature occur, what legal steps may one take to challenge it or have it overturned?
RESPONSE
Although I am somewhat uncertain as to the focus of your first question, I will note that House Bill 1099 is now Act 1056, so any "steps a sponsor or party must take in proposing such a change" have now been accomplished. In addition, I assume that you are well-acquainted with the legislative process by which pending legislative bills become law.
In response to your second question regarding the legality of the measure without the holding of a "public forum," it appears that House Bill 1099 was assigned to and initially voted on in the General Assembly's Joint Committee on Public Retirement and Social Security Programs. See www.arkleg.state.ar.us ("Bills and Resolutions") ("Bill Status" HB 1099). I assume that the pertinent meetings of this Committee were held in public. The votes of each house of the General Assembly were presumably also undertaken in public. See, e.g., Arkansas Constitution, article 5, § 13 ("The sessions of each house, and of committees of the whole, shall be open, unless when the business is such as ought to be kept secret.") With regard to the legality of Act 1056 without "advising those [local retirement] plans which may be affected in order that they may be part of the process," this statement raises the issue of notice. Notice of general legislative measures, however, is not required by Arkansas law. Traditionally, notice of legislative measures was required only of local or special bills (see Arkansas Constitution, art. 5, § 26). Such local or special bills, however, are now prohibited. See Arkansas Constitution, Amendment 14. In the absence of any constitutional or statutory notice requirement, I cannot conclude that parties potentially affected by general bills such as House Bill 1099 are entitled to notice. Cf. generally, Rickard v. Ohio Department of Liquor Control, 29 Ohio App.3d 133, 504 N.E.2d 724 (1986) (". . . an individual who may be affected by pending legislation is not entitled to specific actual notice and hearing with respect to whether such legislation will be adopted").
In response to your final question, regarding what legal steps a person could take to overturn Act 1056, I must decline to address this issue. As Attorney General, I am prohibited from the private practice of law (A.C.A. § 25-16-701), and am charged with the general duty of defending state statutes (see generally A.C.A. §§ 25-16-702 — 704). See also, A.C.A. § 16-111-106(b) (Repl. 2006). I thus cannot advise private parties as to the necessary steps to challenge acts of the General Assembly.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General