[Cite as *Hale v. Ohio Dept. of Adm. Servs.*, 2013-Ohio-4854.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HARLAND H. HALE

    Plaintiff

    v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, et al.

    Defendants

Case No. 2012-03484

Judge Patricia A. Cosgrove

<u>DECISION</u>

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

{¶ 1} On April 13, 2012, the Plaintiff filed a complaint against the Defendants. On May 11, 2012, the Defendants filed an answer. The crux of the complaint seeks re-imbursement of the costs of a settlement and attorney fees expended by Plaintiff as a result of being sued in Federal District Court on a U.S. 1984 action. (United States District Case No. 2:11-CV-1001.) Plaintiff seeks re-imbursement of the costs and fees under the Ohio Judges' Professional Liability Self-Insurance Program. Plaintiff asserts that Defendants have breached the contract or agreement to provide insurance coverage in this case and he is a "third-party beneficiary" in this case. Defendants posit that there is no agreement or contract of insurance between the Plaintiff and the Defendants (State of Ohio). Further, even if the Ohio Judges' Professional Liability Self-Insurance Program can be construed as providing insurance coverage in this case, the program excludes intentional, malicious, reckless, or deliberate acts.

{¶ 2} On January 25, 2013, the Defendants filed a motion for summary judgment. On February 19, 2013, Plaintiff filed a memorandum in opposition. On February 21,

2013, the Defendants filed a reply brief in support of its motion for summary judgment. The ultimate resolution of this case will pivot on the court's interpretation of the Ohio Judges' Professional Liability Self-Insurance Program.

**FACTS**

{¶ 3} On November 7, 2011, Lynn Hamilton filed a civil action against Judge Hale in the United States District Court for the Southern District of Ohio. *Hamilton v. Hale,* S.D. Ohio No. 2:11-CV-1001. An amended complaint was filed on November 10, 2011, and is in all material respects identical to the original complaint. The lawsuit set forth the following causes of action: First Claim: Violation of Fifth and Fourteenth Amendments; Second Claim: First Amendment Violation; Third Claim: Unconstitutional Search; Fourth Claim: Battery; Fifth Claim: Sexual Imposition: Intentional/Reckless Infliction of Severe Emotional Distress.

{¶ 4} It is uncontroverted by the parties that Lynn Hamilton appeared once in Franklin County Municipal Court for an arraignment on an OVI offense in front of Judge Hale on June 22, 2011. The parties agree that no further court appearances were made by Hamilton before Judge Hale. Hamilton entered a plea of "not guilty" to the charge and Judge Hale gave her limited driving privileges until 7:30 p.m. Shortly after the arraignment, according to the complaint, Judge Hale asked Ms. Hamilton to approach the bench, where he proceeded to ask her personal questions regarding her marital status and whether she had a boyfriend. Ms. Hamilton never again appeared in front of Judge Hale in court on her OVI case.

{¶ 5} Later that evening, at around 6:30 p.m., per the complaint, Judge Hale had an employee, and friend of Hamilton's (Tammy Weisgerber), call Ms. Hamilton and arrange for a meeting. Judge Hale picked up Ms. Hamilton and drove them to a bar. Afterwards, Hamilton asked Weisgerber to drive her home but she was too intoxicated. Judge Hale drove Hamilton home and insisted upon coming inside her home.

According to the complaint, Ms. Hamilton was subjected to unwanted sexual advances by the judge that are outlined in detail in the complaint. According to the complaint, she did not report it to authorities since she was afraid of retaliation. Judge Hale continued to call her after the incident. There is no evidence in the record that she returned the calls.

{¶ 6} Judge Hale requested a defense of the Hamilton suit along with indemnification arising out of any judgment under the Ohio Judges' Self-Insurance Program (hereinafter referred to as "Program") as well as attorney fees. Judge Hale gave timely notice of the lawsuit to the Ohio Department of Administrative Services (DAS). On November 15, 2011, DAS wrote a letter to Judge Hale informing him that the lawsuit was not within the scope of coverage under the Program. Judge Hale, the Plaintiff in this case, filed the instant complaint alleging four causes of action: 1) declaratory judgment; 2) breach of contract for damages; 3) breach of contract for specific performance, and 4) bad faith.

**LAW**

{¶ 7} Civ.R. 56(C) "provides that before summary judgment may be granted, it must be determined that: 1) no genuine issue as to any material fact remains to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶ 8} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992). "The moving party bears the initial responsibility of informing the

trial court of the bases for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296 (1996).

**Contract of Insurance**

{¶ 9} The first issue to be determined by this court is whether the Ohio Judges' Self-Insurance Program establishes a contract between Judge Hale and the Defendants, Ohio Department of Administrative Services and the Ohio Supreme Court. The self-insurance program is funded by the employer (Ohio Supreme Court) and enacted through the laws of the State of Ohio. The Program is administered by the Office of Risk Management at DAS.

{¶ 10} Effective September 1, 2011, the Supreme Court of Ohio instituted an Ohio Judges' Professional Liability Self-Insurance Program ("Program") to provide professional liability coverage and the Office of Risk Management agreed to pay professional liability claims and judgments properly made and rendered against named self-insureds. (Defendants' Exhibit A, (August 2011 letter advising judges of Program) and Defendants' Exhibit B (Program: Purpose Clause).)

{¶ 11} The scope of coverage "applies to personal or combined official and personal claims. The coverage does not extend or apply to official capacity only claims." (Defendants' Exhibit A, Program: Professional Liability.) The specific wording of this section is logical as a judge who is sued in his/her official capacity, only, would have complete judicial immunity for their acts.

{¶ 12} Under the Program, exclusions for coverage of any claims include: "Any claim arising out of any criminal, dishonest, intentional, malicious, reckless, or deliberate act, error or omission. There is no self-insured coverage for these claims expenses." (Program: Exclusions.)

{¶ 13} The Plaintiff asserts that he is either a party to the contract or "third-party beneficiary" to the Program. Defendants deny that there is a contract of insurance between the parties. It is a basic tenet of contract law that a binding agreement will not be deemed to have been formed unless the parties have had a meeting of the minds, through the presentation of an offer by one side and acceptance of that offer by the other. *Marshall v. Beach*, 143 Ohio App.3d 432, 436-437 (11th Dist.2001). There are three paradigm elements essential to contract formation: offer, acceptance, and consideration. *Helle v. Landmark, Inc.*, 15 Ohio App.3d 1, 8 (6th Dist.1984).

{¶ 14} The record is clear that Judge Hale has never entered into a contract with DAS or the Ohio Supreme Court to obtain benefits under the Program. The Plaintiff has failed to provide any evidence of consideration that he paid a premium to obtain coverage under the Program or even produce a pay stub showing a deduction for coverage under the Program. He did not sign any document agreeing to the terms of the Program. The Supreme Court pays DAS an annual allocation that costs the Supreme Court $515.00 per judge out of its budget to provide self-insured coverage under the Program. (Plaintiff's Exhibit B.) The Plaintiff has failed to meet its burden to produce any evidence that the Program constitutes a contract of insurance between the parties. He has produced no evidence of any meeting of the minds between the parties or his tender of consideration for coverage of claims/indemnification.

{¶ 15} In addition, when deciding whether an entity or person is an insurer, some of the factors to consider are: 1) whether the plan is mandatory; 2) whether a profit motive exists in offering the plan; and 3) whether the plan is intended to be actuarially sound. *E.g. Cherry v. Tanda, Inc.*, 940 S.W. 2d 457 (Ark.1997). The Ohio Supreme Court is not mandated by law to establish a self-insurance plan and there is no evidence that Defendants make a profit for participating in the Program.

**Third-Party Beneficiary Claim**

{¶ 16} The Defendant argues that he is a "third party beneficiary" to the Program. It is axiomatic that if there is no contract, there can be no "third party beneficiary." *Guyuron v. Bergdorf*, 9th Dist. No. 16075, 1994 Ohio App. LEXIS 2937 (June 29, 1994), quoting 4 *Corbin on Contracts*, Section 773 (1951). Pursuant to R.C. 2743.02(E), "the only defendant in an original action in the court of claims is the state." One arm of the state may not sue another. *Ohio Dept. of Human Serv. v. Ohio Dept. of Transp.*, 78 Ohio App.3d 658 (10th Dist.1992), *Gugar v. Univ. of Akron*, Ct. of Cl. No. 2010-11129 (Jan. 25, 2013), *Bungard v. Ohio Dept. of Job & Family Servs.*, 10th Dist No. 07AP-447, 2007-Ohio-6280, ¶ 24.

{¶ 17} The Ohio Department of Administrative Services and the Ohio Supreme Court are both arms of the State of Ohio. A party cannot contract with himself. *North v. Higbee Co.,* 131 Ohio St. 507, 533 (1936). A single party cannot be both promisor and promissee, and the State cannot sue itself to enforce an agreement it reaches with itself. *See Ohio Dept. of Human Serv. v. Ohio Dept. of Transp., supra.* The Plaintiff has failed to produce any evidence that there is a contract of insurance between him and the Defendants (State of Ohio). Since there is no contract between the Plaintiff and Defendants, Judge Hale cannot be deemed a third-party beneficiary to a non-existent contract.

**Self-Insurance Issue**

{¶ 18} Although, Plaintiff's complaint sets forth two separate claims sounding in contract, in his brief in opposition to the Defendants' motion for summary judgment, he posits that it is of no consequence what the Program is denominated since the self-insurance Program is "akin or analogous" to insurance, and, therefore, he is entitled to be reimbursed for the costs of defense and indemnification. (Memorandum in Opposition at 3.)

{¶ 19} "Self-insurance is, 'the practice of setting aside a fund to meet losses instead of insuring against such through insurance.'" *Dorsey v. Fed. Ins. Co.*, 154 Ohio App.3d 568, 2003-Ohio-5144, ¶ 20 (7th Dist.), quoting *Black's Law Dictionary* 1360 (6th Ed.1990). In determining whether an entity is self-insured, courts look at who bears the risk of loss. "'Self-insurance is not insurance; it is the antithesis of insurance.'" *Archer v. ACE USA*, 152 Ohio App.3d 455, 2003-Ohio-1790, ¶ 36 (10th Dist.), quoting *Physicians Ins. Co. of Ohio v. Grandview Hosp. & Med. Ctr.*, 44 Ohio App.3d 157, 158 (2nd Dist.1988). "[W]hile insurance shifts the risk of loss from the insured to the insurer, self-insurance involves no risk-shifting. Rather, in the self-insurance context, the risk is borne by the one whom the law imposes it. The defining characteristic of insurance, the assumption of specific risks from customers in consideration for payment, is entirely absent where an entity self-insures." *Jennings v. City of Dayton*, 114 Ohio App.3d 144, 148 (2nd Dist.1996); *see also Dalton v. Wilson*, 10th Dist. No. 01AP-1014, 2002-Ohio-4015, ¶ 35.

{¶ 20} Plaintiff argues that regardless of its title since the Program is analogous to insurance, Defendants have the duty to defend and indemnify him. Plaintiff relies on the holding in *Ohio Gov. Risk Mgmt. Plan v. Mgmt. Plan v. Cty. Risk Sharing Auth., Inc.*, 130 Ohio App.3d 174 (6th Dist.1998), for the proposition that self-insurance is analogous to insurance. However, later, in the opinion, the court makes the following distinction, "[W]e are not finding that self-insurance is insurance; rather, we find that its structure is analogous to insurance." *Id.* at 180.

{¶ 21} Plaintiff's reliance on this case is misplaced. There are many types of self-insurance plans. For instance, under R.C. 2744.081, individual counties are permitted to join a self-insurance pool allowing each separate county to spread its risk of its own loss among other counties who have paid premiums. *Ohio Gov. Risk Mgmt., supra.* This program of self-insurance is different than the one established by the Ohio Supreme Court. Under the authority of R.C. 2744.081, political subdivisions, separate entities, may enter into pooling agreements that transfer liability risks or portions,

thereof, away from the individual county, city or township into the pool. In this case there is no transfer of risk as the State of Ohio is the only party that bears the risk. There can be no transfer of risk from the State to itself.

**Duty to Defend**

{¶ 22} An insurer's duty to defend is broader than and distinct from its duty to indemnify. *Socony-Vacuum Oil Co. v. Continental Cas. Co.*, 144 Ohio St. 382 (1945). The scope of the allegations in the complaint against the insured determines whether an insurance company has a duty to defend the insured. *Motorists Mut. Ins. Co. v. Trainor*, 33 Ohio St.2d 41 (1973). The insurer must defend the insured in an action when the allegations state a claim that potentially or arguably falls within the liability insurance coverage. *Willoughby Hills v. Cincinnati Ins. Co.*, 9 Ohio St.3d 177, 179 (1984). However, an insurer need not defend any action or claims within the complaint when all the claims are clearly and indisputable outside the contracted coverage. *Preferred Risk Ins. Co. v. Gill*, 30 Ohio St.3d 108, 113 (1987).

{¶ 23} Here, the scope of the allegations against the Plaintiff are not genuinely in issue. Whether the actions of the Plaintiff were sexual in nature or merely inappropriate, is of no import. According to Ms. Hamilton's complaint, all of Plaintiff's inappropriate conduct occurred at Ms. Hamilton's residence or in a bar. Under no stretch of any legal theory can the Defendants be required to defend Judge Hale when no reasonable mind could conclude that he was acting within his "judicial capacity." (*See* Program: Definitions.)

{¶ 24} Further, while an insurer may be obligated under a contract of insurance to provide a defense to an insured entity or individual, a self-insurer is under no obligation to provide a defense. *Williamson v. Walles*, 6th Dist. No. L-08-1010, 2009-Ohio-1117. The court finds that Plaintiff is not required to provide a defense or indemnification of the Hamilton lawsuit.

**Program Definitions & Exclusions**

{¶ 25} Although the court has already found that there is no duty to defend or indemnify the Plaintiff under either a theory or contract or self-insurance, the court will also discuss the applicable exclusions in the Program. The Program provides that the Defendants will "pay professional liability claims and judgments properly made and rendered against the named self-insureds." (Program, "Purpose" clause.) Under the Program, a "Claim" is defined to be "any demand received by a self-insured for damages arising out of your acts, errors, omissions, in your judicial * * * capacity." (Program, "Program Definitions" clause.) The Plaintiff would have the court believe that when Judge Hale had unwanted inappropriate or even sexual conduct with Ms. Hamilton at a bar or her residence that he was acting in his "judicial capacity." (*See* Memorandum in Opposition at 9.)

{¶ 26} "[F]actors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Plaintiff's unwanted sexual conduct or inappropriate conduct with Ms. Hamilton at a bar or her residence, on his own time, cannot be reasonably construed to mean that the judge was acting in his "judicial capacity." The court finds that Plaintiff was acting on his own personal motives and not in his "judicial capacity" when he had contact with Ms. Hamilton at her residence and the tavern.

{¶ 27} The Program further provides exclusions of coverage for "any claim arising out of any criminal, dishonest, intentional, malicious, reckless or deliberate act, error or omission." (Program, "Program Exclusions" clause.) Plaintiff's decision to pursue contact with Ms. Hamilton comes squarely within the ambit of "intentional or reckless acts" as described above. (*See* Hamilton complaint.) The court will also discuss this exclusion in connection with the public policy behind this exclusion.

**Public Policy Against Indemnification**

{¶ 28} Pursuant to R.C. 9.821, the Department of Administrative Services shall direct and manage all risk management and insurance programs authorized under section 9.822 of the Ohio Revised Code. R.C. 9.822(A) requires that DAS "through the office of risk management shall establish an insurance plan or plans that may provide for self-insurance or the purchase of insurance, or both" for the purpose of insuring the State or its officers. R.C. 9.822(A)(2) provides coverage for claims arising out of any civil actions or claims "against the state or its officers and employees arising out of the performance of official duties, **except acts and omissions for which indemnification is prohibited under section 9.87 of the Revised Code."** (Emphasis added.)

{¶ 29} R.C. 9.87(B)(2) states in its entirety:

{¶ 30} The state shall not indemnify an officer or employee under any of the following circumstances:

{¶ 31} When the officer or employee acts manifestly outside the scope of the officer's or employee's employment or official responsibilities, with malicious purpose, in bad faith, or in a wanton or reckless manner, as determined by the employer of the officer or employee or by the attorney general.

{¶ 32} The term "scope of employment" is an elusive concept and depends on the facts in any particular case. *Posin v. A.B.C. Motor Court Hotel,* 45 Ohio St.2d 271 (1976). Subsequent to *Posin* decision, the Ohio Supreme Court noted that "an employer is not liable for independent self-serving acts of his employees which in no way facilitate or promote his business." *Byrd v. Faber*, 57 Ohio St.3d 56, 59 (1991). *But see Shrout v. Black Clawson Co.*, 689 F.Supp. 774 (S.D.Ohio 1998), *Kerans v. Porter Paint Co.*, 61 Ohio St.3d 486 (1991) (sexual harassment of an employee that occurs during work hours, at the office, and was carried out by someone with authority will normally fall within the supervisor's scope of authority).

{¶ 33} Having considered all of the evidence, when reasonable minds can come to but one conclusion on the issue regarding the scope of employment, it becomes a question of law for the court. *Osborne v. Lyles*, 63 Ohio St.3d 326, 330 (1992).

{¶ 34} Judge Hale argues that R.C. 9.87 does not bar coverage because he is an elected official of a political subdivision. Plaintiff may be an elected official, but he has statewide jurisdiction under the Ohio Constitution, Art. 1V. Sect. 6, to preside over cases in other Ohio counties. He is considered an employee of the State and receives a paycheck from the State of Ohio every month for his services.

{¶ 35} Lastly, while the court addressed the merits of this lawsuit, there is some question as to whether the Plaintiff is entitled to sue DAS for its refusal to defend or indemnify the Plaintiff in the Hamilton lawsuit. All named self-insured or named self-insured designees agree that they shall not file any claims or bring any legal actions for any cause relating to the administration of the Ohio Judges' Professional Liability Self-Insurance Program. (Program: No Action Against the ORM.)

## CONCLUSION

{¶ 36} In conclusion, the court finds that reasonable minds can only come to one conclusion considering the facts of this case. The Plaintiff has produced no evidence that he entered into a contract of insurance with the Defendants, DAS or the Ohio Supreme Court, to provide defense and or indemnification for any judgments. Both DAS and the Ohio Supreme Court are arms of the State of Ohio and cannot enter into a contract with itself. In light of the fact, the court has found no contract of insurance exists between the Plaintiff and the Defendants, the Plaintiff cannot, as a matter of law, be a third-party beneficiary to a non-existent contract.

{¶ 37} The Ohio Judges' Self-Insurance Program is a program of self-insurance, not a contract of insurance. Unlike a contract of insurance, there is no duty to defend or indemnify Plaintiff under the Program under a theory of contract or self-insurance. Even if the court considered the Program to be a contract of insurance, the conduct of the

Plaintiff was not performed in his "judicial capacity" as required by the Program definition of claim, when he had unwelcome sexual or inappropriate conduct with Ms. Hamilton at a bar and her home. The court further finds that public policy as delineated in R.C. 9.87(B)(2) mandates that the court, based on the undisputed facts of this case, find that Judge Hale's conduct, was "manifestly outside the scope" of his employment, and therefore, Ohio law, prohibits payment of any claim, defense, or indemnification of Plaintiff in reference to the Hamilton lawsuit.

{¶ 38} For the above reasons, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, Defendants' motion for summary judgment shall be granted and judgment shall be rendered in favor of Defendants.

_____
PATRICIA A. COSGROVE
Judge



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HARLAND H. HALE

    Plaintiff

    v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, et al.

    Defendants

Case No. 2012-03484

Judge Patricia A. Cosgrove

<u>JUDGMENT ENTRY</u>

{¶ 39} A non-oral hearing was conducted in this case upon Defendants' motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, Defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of Defendants. There is no just cause for delay. All other pending motions are DENIED as moot. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICIA A. COSGROVE
Judge

cc:

Christopher P. Conomy                    Patrick M. Quinn
Peter E. DeMarco                         35 North Fourth Street, Suite 200
Assistant Attorneys General              Columbus, Ohio 43215
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

PAC/007
Filed June 19, 2013
To S.C. Reporter October 31, 2013