KELBE CORP., d/b/a Norwood
Cafe, et al., Plaintiffs,

v.

John HALL, Director, Ohio Department
of Liquor Control, et al.,
Defendants.

No. C–1–92–270.

United States District Court,
S.D. Ohio, W.D.

April 13, 1992.

Barbara Wiethe, Cincinnati, Ohio, for plaintiffs.

Chester Lyman, Jr., Columbus, Ohio, for defendants.

## ORDER GRANTING PRELIMINARY INJUNCTION

CARL B. RUBIN, District Judge.

This matter is before the Court following a hearing on April 4, 1992 on plaintiffs' Motion for Preliminary Injunction and upon the presentation of arguments by counsel.

The plaintiffs are the owners of bars in the City of Norwood, Ohio who hold Class "D" permits. *See* Ohio Rev.Code §§ 4303.-13–.183. Such permits issued by the State of Ohio allow the holder to sell alcoholic beverages for consumption on the premises. *Id.* A Class "D" permit further authorizes the holder to sell certain alcoholic beverages for consumption off the premises. *Id.* The State also issues Class "C" permits which authorize a holder to sell certain alcoholic beverages for off-premises consumption, but which do not permit the sale of alcoholic beverages for consumption on the premises. Ohio Rev.Code §§ 4303.-11–.121.

Ohio Revised Code §§ 4301.33, 4305.14 and 4301.35 permit electors of a specific precinct to vote on whether permits previously issued by the Department of Liquor Control may be terminated. Such an election was held in Ward 1, Precinct B, Norwood, Ohio on May 7, 1991, with the result that the permits of plaintiffs were declared terminated.

In addition to the customary questions presented by any preliminary injunction motion, the following questions have been raised herein:

1. May this court inquire into the validity of the election in question when that issue is currently pending in the state courts of Ohio?

2. Does the Fifth Amendment to the Constitution of the United States bar an election of the sort conducted herein?

3. Does the "Equal Protection Clause" of the Fourteenth Amendment render the election void?

### Abstention

■ The doctrine of abstention is a narrow exception to the duty of a district court to adjudicate a controversy before it. *Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Invocation of the doctrine is justified in exceptional circumstances where abstention would clearly serve an important countervailing interest. *Id.*

■ A challenge to an election is *per se* a matter that should be considered by state courts. The state has a paramount interest in insuring that elections held within its boundaries be conducted in accordance

with the rules promulgated by the state. Litigation concerning the validity of the election procedures in issue has been commenced in the courts of Ohio and that litigation is currently before the Supreme Court of Ohio. This specific issue is one that should be resolved by the state court. Thus, in the absence of a compelling reason to adjudicate the question of the election procedures, this court will refrain from considering the issue.

### Preliminary Injunction

■ In determining whether to grant a preliminary injunction, the court must consider: (1) whether, absent the injunction, the moving party would suffer irreparable injury; (2) whether the moving party has demonstrated a substantial likelihood of success on the merits; (3) whether the injunction would have a harmful effect on third parties; and (4) whether the public interest would be served by the injunction. *USACO Coal Company v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir.1982); *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).

In order to obtain a preliminary injunction, the harm that would result in the absence of the injunction must be irreparable, not merely substantial. *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937 [39 L.Ed.2d 166] (1974). The notion that irreparable injury must include more than a determinable monetary loss is well established. In *Sampson*, the Supreme Court stated that "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." 415 U.S. at 90, 94 S.Ct. at 953 (citation omitted). The general function of a preliminary injunction is to maintain the status quo pending determination of an action on its merits. *Blaylock v. Cheker Oil Co.*, 547 F.2d

962 (6th Cir.1976) (citing *Washington Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472 (9th Cir.1969)).

■ A critical issue underlying any preliminary injunction is that of irreparable injury. The closing of a retail establishment such as a bar practically guarantees that some customers will never return. Neighborhood bars generally do not depend upon transient trade, but upon persons living nearby who consider a specific bar "their" social club. The longer the bar remains closed, the greater the number of customers who will find another establishment to serve them. In addition, plaintiffs have made factual allegations which raise serious questions about whether, as a practical matter, they would be able to operate bars elsewhere in Norwood with the permits they hold and whether they have the financial resources to relocate. Thus, a reasonable probability exists that if a preliminary injunction is not granted, plaintiffs will lose their businesses altogether. This is particularly true in light of the probability that this matter cannot be considered on the merits in less than ninety days. Accordingly, the court finds that plaintiffs face irreparable injury in the absence of a preliminary injunction.

■ The Court further finds that there is a substantial likelihood of success on the merits. The Fifth Amendment to the United States Constitution provides that [1] "private property" shall not be taken without due process of law; and [2] private property shall not be taken for public use without due compensation. The former provision is implicated in this case. The holder of an Ohio liquor license has a property interest protected under the Due Process Clause. *Brookpark Entertainment, Inc. v. Taft*, 951 F.2d 710, 716 (6th Cir.1991). The Sixth Circuit in *Brookpark* held that the arbitrary targeting of a particular licensee for revocation of its license violated the licensee's due process rights.[1]

---

**1.** The facts in *Brookpark* differ somewhat from those presented here. Under the Ohio statutes at issue in *Brookpark*, the licenses were subject to total revocation. In this case, the permit holders have up to a year to transfer their licenses to different locations outside of Ward 1, Precinct B. However, as a practical matter, for the reasons stated above, the licenses may be of no value to plaintiffs if they are forced to relocate their businesses.

In a similar vein, the targeting solely of the holders of Class "D" permits, or of the holders of such permits only in Ward 1, Precinct B, for the prohibition of the sale of alcohol raises serious questions as to whether the licensees' due process rights have been violated. The Court must conclude in view of the due process concerns implicated by the election and the decision in *Brookpark* that there is a substantial likelihood plaintiffs will prevail on their claim that they were denied due process in connection with the vote to revoke the sale of alcohol for Class "D" permit holders in Ward 1, Precinct B. In light of this determination, the Court need not address plaintiffs' remaining constitutional claims for purposes of resolving the motion for a preliminary injunction.

Third, there has been no showing that denial of a preliminary injunction would harm third parties. To the contrary, as indicated above, the harm that would result to plaintiffs if the motion for a preliminary injunction were denied far outweighs any possible harm that might come to the residents of Ward 1, Precinct B if the bars remain in business until this matter can be resolved on the merits. A preliminary injunction will simply preserve the status quo until a trial on the merits is conducted.

■ The last factor which the court must consider is whether the public interest would be served by the injunction. The court believes that the public interest would be served in the sense that a number of small businesses will be able to continue in operation if the injunction is granted.

### Conclusion

■ In order to preserve the status quo pending determination of this action on the merits, the Court does therefore issue a Preliminary Injunction against defendants, their agents and employees from requiring plaintiffs or any of them to surrender any liquor licenses issued by the State of Ohio which plaintiffs currently hold or in any way limiting the rights of plaintiffs with regard to such licenses until the hearing of this matter on its merits.

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, plaintiffs are directed to post a bond in the sum of $1000.00 with the Clerk of this Court for payment of such costs and damages as may be incurred by defendants who are subsequently found to have been improperly enjoined.

IT IS SO ORDERED.