9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BLACKWELL, INC. DBA Kuka's Place, Plaintiff-Appellant,
v.
Kenneth FISHER, Thaddeus J. Jackson, Roger M. Synenberg, and
Marguerite Hughes, Members of the Cuyahoga County Board of
Elections; Bob Taft, Ohio Secretary of State; and John
Hall, Director, Ohio Department of Liquor Control
Defendants-Apepllees.
 No. 92-4203.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Blackwell, Inc. ("Blackwell") appeals the dismissal of its action brought under the Fourteenth Amendment and 42 U.S.C. Sec. 1983. The court below dismissed Blackwell's claims because the applicable statute of limitations period had expired. We affirm that court's holding as to all defendants.
 
 I.
 
 2
 Blackwell, a retail corporation doing business as Kuka's Place in Cleveland, lost its liquor license pursuant to then-existing Ohio state law as the result of a local option election held on November 9, 1989. Although there were some irregularities connected with the gathering of signatures on the petition required to place the liquor license issue on the ballot, the Cuyahoga County Board of Elections, with state court approval, ultimately certified the result of the local option election on December 5, 1989. It was only in October of 1991, however, after Blackwell had exhausted its attack in the Ohio state courts on the validity of the local option election, that the Ohio Department of Liquor Control first attempted to seize the liquor license from Blackwell. In December 1991, in an unrelated case, we held the Ohio local option election statute--allowing the revocation of the liquor license for a "particular premises"--to be facially unconstitutional under the due process clause of the Fourteenth Amendment. See Brookpark Entertainment, Inc. v. Taft, 951 F.2d 710 (6th Cir.1991), cert. denied, 113 S.Ct. 68 (1992). Blackwell then filed this suit in the court below on February 28, 1992.
 
 II.
 
 3
 The Supreme Court has held that "the tort action for the recovery of damages for personal injuries is the best alternative available" for choosing a limitations period in Sec. 1983 actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). It has further held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering Sec. 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50 (1989). Pursuant to that directive from above, we have held that "the appropriate statute of limitations for 42 U.S.C. Sec. 1983 civil rights actions arising in Ohio is contained in Ohio Rev.Code Ann. Sec. 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc).
 
 
 4
 Blackwell argues that a limitations period other than the one mandated by Browning is appropriate for its Sec. 1983 claim because part of the relief it seeks is equitable in nature. We see no such exception recognized by Browning.
 
 III.
 
 5
 Blackwell also contests the lower court's determination of the point in time at which the two-year limitations period commenced. It is well-settled in this court that " '[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.' ... In determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991) (citations omitted).
 
 
 6
 The court below held that as of November 9, 1989, the date of the local option election, Blackwell "knew everything it needed to know in order to be aware that it had been injured, and should seek redress." We agree. The eventual seizure of Blackwell's license by the Ohio Department of Liquor Control, coming as it did after the lifting of the stay imposed by the state trial court until Blackwell's state court remedies had been exhausted, was "a delayed, but inevitable, consequence" of the local option election. See Delaware State College v. Ricks, 449 U.S. 250, 257 (1980) (holding that the date of the decision to deny tenure to Professor Ricks, rather than the eventual date of his actual termination, was the event that triggered the running of the statute of limitations for Sec. 1983 purposes). " 'The proper focus is upon the time of the [allegedly illegal act], not upon the time at which the consequences became most painful.' " Taylor v. General Motors Corp., 826 F.2d 454, 456 (6th Cir.1987) (quoting Ricks, 449 U.S. at 258). Blackwell argues that the threat of seizure of its liquor license constituted a "continuing violation" that only finally accrued when Blackwell had exhausted its state court remedies. Blackwell thus attempts to survive dismissal under one of the two " 'narrowly limited exceptions' " that we have created to the usual rule concerning when the limitations period begins to run. Dixon, 928 F.2d at 216. Blackwell ignores, however, the difference between "the continuing effects " of illegal conduct as opposed to "continuing violations." Id. The only alleged violation of law here was the holding of the unconstitutional particular premises local option election in November of 1989. Once that election was held, all other state actions of which Blackwell complains were merely the "continuing effects" of that violation and not continuing violations themselves.
 
 IV.
 
 7
 Had Blackwell been so inclined, it could have challenged the local option election as unconstitutional within the two-year limitations period following that election, which period ended on November 9, 1991. Because it failed to do so, and for the reasons stated above, the order of the court below dismissing all of Blackwell's Sec. 1983 claims as time-barred is AFFIRMED.